[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: ATTORNEY'S FEES AND COSTS
This matter is remanded to the trial court to determine reasonable costs, disbursement and expenses, including reasonable attorney's, appraisal and engineering fees actually incurred, to be added to the amount of the judgment rendered for the plaintiff. Citino v.Redevelopment Agency of the City of Hartford, 51 Conn. App. 262, 287
(1998). The Appellate Court determined that the facts found by the trial court compelled the conclusion of inverse condemnation. The Appellate Court determined that the plaintiff was entitled to recover the fees and costs enumerated above under the provision of General Statutes §48-17b, providing for such awards in the event of Inverse Condemnation. This court held a number of hearings on this matter, delayed by various conflicts of scheduling for the attorneys and the court.
 I Fees and Expenses for the trial of the action in the Superior Court, Hartford.
The plaintiff has submitted the bill of Tarlow and Levy for the trial of the original action in the Superior Court. The original letter from Attorney Coleman Levy, partner in the firm, dated September 19, 1994 concerning this property, 17-19 Squire Street, states that the fee would be the same as a previous condemnation, 457-469 Park Street, to wit "one third of the total recovery." Thereafter, subsequent to the trial, a letter was prepared by Mr. Levy, hand delivered to Mr. Citino, stating that "We agreed that the legal services in this matter is $34,751.50 plus reimbursement of expenses in the amount of $8,502.09, for a total of CT Page 9932 $43,253.59 which is substantially less than the original contingency arrangement." The letter further states that "Levy Droney has no obligation to represent you in the appeal" but agreed to prepare for Citino or another attorney of your choice to file the appeal.
Although Mr. Levy claims to have stated to Mr. Citino that if the appeal was successful they would expect a fee of 1/3 of the recovery, this was not stated in the letter to Mr. Citino. The difference between these two propositions, full billing on a time basis, non contingent, and 1/3 of the known amount of the judgment, $92,833, contingent, is so large that such a conditional contingency would undoubtedly been covered in the letter or some supplementary communication. There is not as much as a written memo to the file to cover the prospect of potential reinstatement of the contingency. Bearing in mind the prospect of possible reversal upon cross appeal, which cross appeal was certain to follow Mr. Citino's appeal, the law firm in effect exchanged the potential for no fee for a guarantee of payment of a fee on a time basis and reimbursement of costs. The court determines that the amount charged by the firm Levy and Droney PC for lawyer's services is the amount of the bill of February 14, 1997, $34,751.50 which letter was agreed to by Mr. Citino. (exhibit 16).
As to the amount of the fees to be awarded the court may look to a series of criteria set forth in Steiger v. J.S. Builders, Inc.,39 Conn. App. 32, 38 (1995) for guidance.
 (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
As aforesaid, the court finds that the amount which was settled upon by Mr. Citino and the firm was $34,751.50 for legal services. (exhibit 16). The amount is slightly less than the summary of hours and charges on a time basis set forth in exhibit 3. The $34,751.50 amount is the same as the handwritten note of Levy Droney, exhibit 4. CT Page 9933
The court has reviewed the billing summary and time summary for each of the attorneys and paralegals and finds that the amounts charged by each attorney and support staff is reasonable, keeping in mind the skills to be employed by each such person, (exhibits 3, 13) and that the charges comport with their customary billing rate. The summary reveals that the total time spent on this file, including trial, is 219.2 hours. The court, having been the judge presiding over this lengthy trial, is satisfied that the amount listed is an accurate summary of the hours which were devoted to this file. The court therefore awards $34,751.50, as agreed to by these parties, and slightly less than actual time spent, as attorneys fees for handling this matter through trial. The court finds that the case presented novel and difficult questions, requiring a high degree of skill to present, and to try the case, and that the plaintiffs firm has a high degree of experience and an excellent reputation and consists of able attorneys.
 II Costs incurred in connection with trial.
In addition to fees for attorney's time the firm charged $1,384 for copies, $28 for fax, $137.04 for parking and mileage and $90.50 for messenger service. This amounts to $1639.54. Although these items are often considered by firms to be a part of the unreimbursable costs of doing business, the practice of charging extra for these items is sufficiently widespread as to be considered to be properly chargeable to individual clients, and hence are allowed.
The items of sheriffs fees, $229.80, entry fee $150, title search $227.50 for a total of $607.30 are legitimate expenses and are awarded.
The evidence before the court demonstrates that the cost of trial transcripts were $3,116.40 and $649.25 for a total of $3,765.65. The court allows these transcript fees as they are useful in properly reflecting trial testimony and are essential for presenting the appeal — which will be dealt with hereafter in this decision. The trial transcript fees, $3,765.65 are allowed.
There are a number of deposition transcript fees claimed in this matter including $1,386.48 for the expedited transcript of the deposition of Madelyn Colon and Harvey Sinclair, and $361.25, non-expedited, for Paul Robenold. The court accepts the proposition that witnesses who are going to testify on the other side of a case are customarily deposed in this day and age. However, there is no reason why the deposition(s) must be so close to trial that an expedited transcript, which cost double the cost of normal cost of transcription is necessary. Consequently the court CT Page 9934 allows one half of the Colon-Sinclair transcript, i.e. $693.24. The transcript for the deposition of Paul Robenold, $361.25, is not captioned expedited, and hence is allowed. The court allows $1,054.49 for deposition transcripts.
The plaintiff called Mr. Peter Marsele to testify before this court. Mr. Marsele testified that his fee for testifying at court was $1,500. The listing at the law firm infers that they paid Mr. Marsele $2,000. It appears obvious that the $500 difference between the time devoted to testifying in court and the final bills is related to the work necessary to be able to testify. Fees for reports are included in this statement. See Swanson Transportation Co. v. State, 3 Conn. App. 329, 333 (1985);DeMatteo Construction Co. v. New London, 236 Conn. 710, 717 (1996). It is obvious that a report must be made to the owner before testifying, based upon traditional appraisal methods. The court determines that the studies amount of $2,000 is to be awarded for the appraiser's services.
In summary, the court awards for the trial $34,751.50 for attorney's fees; $1,639.54 for copies, fax, parking and mileage; $607.30 for sheriff, entry and title search; $3,765.65 for trial transcript fees; $1,054.49 for deposition transcripts, and $2,000 for appraiser fees, for a total of $43,818.48. (The sheriff's fee and entry fee, usually taxable costs, are included in this calculation for expediency and are not again taxable by the clerk.
 III Attorney Fees and Costs for the Appeal.
The plaintiff is entitled to attorney fees and costs as concerns the appeal as part of the award under General Statutes § 48-17b. See related cases Conservation Commission v. Price, 5 Conn. App. 70, 74
(1985); Miller v. Kirschner, 225 Conn. 185, 210 (1993); Crowther v.Gerber, 8 Conn. App. 254, 272 (1986). The plaintiff need not prevail on each and every of his claims on appeal or his position in defending the case on appeal. It is sufficient "if the plaintiff succeeds on any significant issue in the litigation which achieve some benefit the party sought in bringing the suit." Torres v. Waterbury, 30 Conn. App. 620, 626
(1993). The plaintiff's success at the appellate level satisfies that criteria.
The plaintiff Citino was able to retain an attorney, Kevin B. Carroll, who agreed to handle the appeal for a fixed fee of $7,500 although no time sheets were submitted to the court as this matter was handled on a fixed fee basis. This court is well aware of the complexity of the appeal and the many issues presented by both the appeal and the cross appeal. A CT Page 9935 number of these issues were matters of first impression and obviously required detailed and complex research and in-depth treatment in the briefs and oral arguments. The transcript is lengthy due to the nature of the trial and obviously had to require a detailed analysis of the testimony and exhibits.
The court finds that this amount charged, $7,500, is modest for the amount of time and effort required to handle the appeal. Time constraints must be met. The result achieved is to be considered more than satisfactory, as the Appellate Court added to the verdict by requiring the payment of fees, costs and expenses. The court can also call on its own experience, having handled appeals as an attorney not that many years ago, to appreciate that this charge is modest even on the basis of appeals handled years ago when hourly fees were substantially less than what they are now.
The costs of $380 for filing fee — record fee ($300) and copies ($80) is fair and reasonable.
Transcript fees were charged and herein allowed at the trial level.
The court awards $7,880 for attorney's fees and costs in handling the appeal.
 IV Fees and Costs for this hearing to prove fees and expenses for trial and appellate proceedings.
The plaintiffs hired counsel to pursue his claim for attorney's fees, costs, expenses, etc. allowable for handling the superior court trial, and of course fees and expenses for the appellate proceedings. The Appellate Court remanded the matter to this court for further proceedings to determine these claims.
The first determination for this court is whether attorney's fees are to be awarded for the handling of this remand to determine trial and appellate attorney's fees and cots. In retrospect, had this matter of attorney's fees for the trial been clearly before the court during the trial of the underlying claim, and had it been known at that time that attorney's fees and costs were to be awarded under General Statutes § 48-17b, inverse condemnation, clearly trial attorney's time and effort would have been required as part of the trial effort, to prove that item. Similarly, it may be that testimony from the firm or outside attorneys may have been required to establish trial attorney's fees. CT Page 9936
Hence these items of effort and expense would have been a part of the trial to arrive at a initial decision as to attorney's fees. This court also considers that in the initial hearing appellate fees and costs would not have been able to be dealt with appellate fees. A further hearing would have been necessary, post appeal, which is the circumstance of the present case.
The court determines that in accordance with the purpose of General Statutes § 48-17b attorney's fees and costs are to be ordered for the handling of this hearing.
The plaintiffs attorney Jon L. Schoenhorn submits to the court, exhibit 18, a copy of his agreement with Mr. Citino, signed by each party. The agreement provides for a contingent fee of 25% of the amount recovered in this present proceeding. A $6,000 retainer was called for, billed against the retainer, with $6,000 being the minimum fee.
The agreement states that the attorneys may involve another firm in this matter, namely Edward J. Murphy. It does not state that Mr. Citino will be billed for Attorney Murphy's time. Identifying Mr. Murphy is proper because of the attorney-client privilege. The agreement also provided that client is responsible for the attorney's out of pocket expenses.
Attorney Schoenhorn did keep time records of his time spent. He labeled his time at $250 per hour, and for a law clerk $75 per hour and for a paralegal $75 per hour. The total of these time allocations equals $19,696.63. of this figure $172.13 are for costs, including photocopies, subpoena, postage, and certified mail.
The plaintiff called as a witness Attorney Kathleen Eldergill of Beck and Eldergill P.C. as an expert, who testified that she was familiar with Attorney Schoenhorn's credentials and that the value of his services was between $275 to $300 per hour. She submits a claim, through Attorney Schoenhorn for $990, claiming 3.6 hours at $275 per hour for this testimony. Applying the claim criteria of Steiner v. J.S. Builders, or any other rational criteria, it is obvious that a charge of $275 per hour for such simple uncomplicated testimony is unjustified. The court awards $525 for the testimony of Attorney Eldergill as a reasonable cost.
The plaintiff submits a bill from Attorney Edward Murphy, who did some work with Attorney Schoenhorn in preparing for the hearing. As a start the court notes that the bill submitted by Mr. Murphy, ostensibly to Mr. Citino while these proceedings were progressing, dealt primarily with file review and questions of post judgment interest. That question was not before the court. Further, there is no evidence that Attorney Murphy CT Page 9937 had a separate agreement with Mr. Citino. As aforesaid there is no indication that the fee agreement with Mr. Schoenhorn/Mr. Citino indicated that Mr. Citino was going to, or was obligated to pay any lawyer other than Mr. Schoenhorn a fee for handling any part of the issues before this court. It should be noted that when the subject of post judgment interest was brought up in discussion of the case with the lawyers informally this court, although not deciding, asked how Mr. Citino could get interest on the judgment when he absolutely and continuously failed to tender the deed to the agency to and through the present date. See Rapin v. Nettleton, 50 Conn. App. 640 (1998). The court determines that Mr. Murphy's charges are part of the contingent fee of Mr. Schoenhorn, and are not charges to Mr. Citino as pertains to this proceeding. The court does not pass upon what is reasonable between Mr. Schoenhorn and Mr. Murphy.
The court finds that the plaintiff is to be awarded fees for Mr. Schoenhorn in accordance with the 25% fee arrangement of the contract.
The Schoenhorn contract provides for "25% of all amounts recovered." The amounts awarded by this court for trial fees and expenses are $43,818.48. The amount for the appeal is $7,880.00. The total is $51,698.48. Twenty five percent of that amount is $12,924.62 for legal fees for the remand hearings. Additionally $525.00 is awarded for expert fees for the expense of Attorney Eldergill for testifying in this hearing, and $172.13 for other costs (mailing copies, subpoena, etc.).
The total of fees, costs and expenses awarded herein is $65,320.23. Judgment enters on the remand for reasonable costs, disbursements, and expenses in the amount of $65,320.23.
___________________, J.
L. Paul Sullivan